**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James V. Nguyen,

Plaintiff,

v.

Amanda G. Gustafson; Henry M. Buffalo, Jr., in his official capacity as Tribal Court Judge of the Shakopee Mdewakanton Sioux Community Tribal Court; the Shakopee Mdewakanton Sioux Community Tribal Court,

Defendants.

Civil No. 18-522 (SRN/KMM)

**MEMORANDUM OPINION AND ORDER**

---

Jonathan D. Miller and Ariel K. Lierz, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, Minnesota 55402, for Plaintiff James V. Nguyen.

Gary A. Debele, Messerli & Kramer, P.A., 100 South Fifth Street, Suite 1400, Minneapolis, Minnesota 55402, and Theresa Bea, Berg, Debele, DeSmidt & Rabuse, P.A., 121 South Eighth Street, Suite 1100, Minneapolis, Minnesota 55402, for Defendant Amanda G. Gustafson.

Richard A. Duncan and Joshua Todd Peterson, Faegre Baker Daniels, 2200 Wells Fargo Center, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402, and Greg S. Paulson, Brodeen & Paulson, P.L.L.P., 3559 Tyler Street Northeast, Minneapolis, Minnesota 55418, for Defendants Henry M. Buffalo, Tribal Court Judge, and the Shakopee Mdewakanton Sioux Community Tribal Court.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction [Doc. No. 4]. For the reasons stated below, this Court denies the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this action concern divorce proceedings between Plaintiff James V. Nguyen and Defendant Amanda G. Gustafson. Gustafson is an enrolled member of the Shakopee Mdewakanton Sioux Community, while Nguyen is not a member. (Compl. ¶¶ 4, 13 [Doc. No. 1].) Nguyen and Gustafson were married in Las Vegas, Nevada in 2014, and are the parents of a minor child. (*See* Hennepin Cty. Pet. ¶¶ II, IV, Ex. D to Miller Decl. [Doc. No. 7-4].) Both parties now reside in Minnesota. (*Id.* ¶ V.)

In June 2017, Nguyen filed for dissolution of marriage in California state court, as he resided in California at that time. (Tribal Court Order at 4, Ex. F to Miller Decl. [Doc. No. 7-6].; Compl. ¶ 8.) In July 2017, Gustafson filed for dissolution of marriage in the Shakopee Mdewakanton Sioux Community Tribal Court ("Tribal Court"), a defendant in the current action. (Compl. ¶9.) Defendant Henry M. Buffalo, Jr., Judge of the Tribal Court, was assigned the case. (*Id.*)

The California state court held a two-day evidentiary hearing on July 27 and 28, 2017 to discuss custody and visitation. (*Id.* ¶ 10.) On August 3, 2017, the California state court declined to accept jurisdiction and stayed the proceedings. (*Id.*) Upon receipt of a Tribal Court order dated August 10, 2017, in which that court confirmed its intent to proceed with the case, the California state court dismissed the proceedings before it. (Tribal Court Order at 7, Ex. F to Miller Decl.)

Shortly thereafter, Nguyen moved to Minnesota and filed for dissolution of

marriage in Hennepin County. (Hennepin Cty. Pet. ¶ V; Compl. ¶ 11.) In his filings, Nguyen disclosed that he was not currently employed and did not receive any earned income, with the exception of some rental income from a leased property. (Hennepin Cty. Pet. ¶ X.) He also alleged that although Gustafson was not currently employed, she received per capita payments as a member of the Shakopee Mdewakanton Sioux Community. (*Id.*) On January 8, 2018, the Hennepin County court stayed Nguyen's action as a matter of judicial expedience and comity, pending the proceedings in Tribal Court. (Compl. ¶ 12.)

In October 2017, Nguyen moved to dismiss the proceedings in Tribal Court, asserting that the court lacked personal and subject matter jurisdiction. (*Id.* ¶ 23.) Judge Buffalo issued a written ruling on November 10, 2017, in which he found that the Tribal Court had both subject matter and personal jurisdiction and had a substantial interest in continuing to exercise its jurisdiction. (Tribal Court Order at 46, Ex. F to Miller Decl.)

Nguyen then sought an appeal with the Court of Appeals for the Shakopee Mdewakanton Sioux Community (the "Tribal Court of Appeals"). (Compl. ¶¶ 26.) He requested permission to appeal under the collateral order doctrine, and in the alternative, asked the Tribal Court to certify the November 10, 2017 decision for interlocutory appeal. (*Id.* ¶ 27.) On December 11, 2017, the Tribal Court denied Nguyen's request for certification, and also found that his motion to dismiss did not fall within the collateral order doctrine. (*Id.* ¶ 29.) On January 30, 2018, the Tribal Court of Appeals denied Nguyen's request for an appeal under the collateral order doctrine, and because it was not

certified for interlocutory appeal. (*Id.* ¶ 31.)

On March 7, 2018, Nguyen filed this action for injunctive and declaratory relief pursuant to 28 U.S.C. § 1331, under which non-Indians may bring a federal common law cause of action challenging tribal court jurisdiction. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 850–53 (1985). He seeks a declaration that the Tribal Court lacks jurisdiction over the dissolution proceedings and that proper jurisdiction rests in state court. (Compl. ¶¶ 39–40.) In addition, he seeks a preliminary injunction to halt all current proceedings in Tribal Court and to prohibit any defendant from prosecuting Gustafson's position in that court. (*Id.* ¶ 45.) Nguyen contends that he will suffer irreparable harm if forced to complete discovery and participate in proceedings in a court system that lacks jurisdiction, and that he is likely to succeed on the merits of his contention that the Tribal Court lacks jurisdiction. (*Id.* ¶ 44.)

Nguyen has filed a motion in Tribal Court seeking to bifurcate the dissolution proceedings and to address parenting time, which is scheduled to be heard on March 22, 2018. (Pl.'s Mem. at 6 [Doc. No. 6].) This hearing appears to have prompted the filing of Nguyen's request for injunctive relief in this Court. Nguyen also asserts that pursuant to the Tribal Court's scheduling order, he is required to complete discovery by April 19, 2018, and a pretrial conference is scheduled for August 20, 2019, with trial scheduled for September 19, 2018. (*Id.*)

In response, Defendants argue that Nguyen fails to satisfy the *Dataphase* factors under which courts in the Eighth Circuit analyze motions for injunctive relief. (Tribal Ct. Defs.' Opp'n Mem. at 9–23 [Doc. No. 25]; Gustafson's Opp'n Mem. at 12–18 [Doc. No.

26].)

## II. DISCUSSION

This Court must consider four factors to determine whether preliminary injunctive relief is warranted: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm injunctive relief would cause to the other litigants; and (4) the public interest. *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *accord Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (quoting *Dataphase*). To analyze these factors, the Court must "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999). A preliminary injunction "is an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The burden of establishing the four *Dataphase* factors lies with the party seeking injunctive relief. *Watkins*, 346 F.3d at 844.

### A. Likelihood of Success

In order to obtain a preliminary injunction, Nguyen must show that he has a "fair chance of prevailing" on his claims. *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008). "An injunction cannot issue if there is no chance on the merits." *Mid–Am. Real Estate Co. v. Ia. Realty Co.*, 406 F.3d 969, 972 (8th Cir. 2005). The moving party need not show a "greater than fifty percent likelihood" of success, but must demonstrate its claims provide "fair ground for litigation." *Watkins*,

346 F.3d at 844. "In considering the likelihood of the movant prevailing on the merits, a court does not decide whether the movant will ultimately win." *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir. 2007) (citation omitted).

Defendants argue that Nguyen's federal action is unlikely to succeed on the merits due to his failure to exhaust his remedies in Tribal Court and because the Tribal Court properly exercised jurisdiction. Finally, the Tribal Court Defendants contend that Nguyen is unlikely to succeed on his claims against them because they are immune from suit.

**1. Exhaustion**

Although "[28 U.S.C.] § 1331 encompasses the federal question of whether a tribal court has exceeded the lawful limits of its jurisdiction, . . . exhaustion is required before such a claim may be entertained by a federal court." *Nat'l Farmers Union Ins. Cos.*,471 U.S. at 857. Indeed, because the question of tribal exhaustion determines the appropriate forum, it is considered a "threshold" issue. *Gaming World Int'l Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 849 (8th Cir. 2003).

Not only must federal district courts address exhaustion of tribal remedies at the outset, but, as a matter of comity, the examination of a tribal court's jurisdiction must first be addressed by the tribal court:

> [T]he existence and extent of a tribal court's jurisdiction will require a careful examination of tribal sovereignty, the extent to which that sovereignty has been altered, divested, or diminished, as well as a detailed study of relevant statutes, Executive Branch policy as embodied in treaties and elsewhere, and administrative or judicial decisions. We believe that examination should be conducted in the first instance in the Tribal Court itself.

*Nat'l Farmers Union Ins.* Cos., 471 U.S. at 855; *see also Colombe v. Rosebud Sioux Tribe*, 747 F.3d 1020, 1024 (8th Cir. 2014) (stating that as a matter of comity, the tribal court must be permitted to examine tribal sovereignty and jurisdiction in the first instance). Thus, a federal court must "stay its hand" and give tribal courts the opportunity to determine cases involving issues of tribal authority. *Colombe*, 747 F.3d at 1024 (citing *Reservation Tel. Coop. v. Three Affiliated Tribes of the Ft. Berthold Reservation*, 76 F.3d 181, 184 (8th Cir. 1996)).

While the exhaustion requirement is prudential, and is required as a matter of comity, it is not jurisdictional. *Strate v. A-1 Contractors*, 520 U.S. 438, 451 (1997). Exhaustion is not required in the following circumstances: (1) "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith," (2) "where the action is patently violative of express jurisdictional prohibitions," or (3) "where exhaustion would be futile because of a lack of an adequate opportunity to challenge the court's jurisdiction." *See Nat'l Farmers Union*, 471 U.S. at 856 n.21; *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 19, n.12 (1987).

Relying on Ninth Circuit authority, Nguyen argues that he has satisfied the exhaustion requirement by seeking an interlocutory appeal. (Pl.'s Mem. at 21) (citing *Ford Motor Co. v. Todecheene*, 488 F.3d 1215 (9th Cir. 2007) (stating that the defendant "will be deemed to have exhausted its tribal remedies once the Navajo Nation Supreme Court either resolves the jurisdictional issue or denies a petition for discretionary interlocutory review pursuant to [tribal law].") However, the Eighth Circuit, whose precedent is binding upon this Court, unlike the precedent of the Ninth Circuit, has stated

that "[e]xhaustion includes both an initial decision by the tribal trial court and the *completion* of appellate review." *DISH Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 882–83 (8th Cir. 2012) (citing *Iowa Mut. Ins.*, 480 U.S. at 15 (emphasis added)).

In *DISH Network*, a satellite television company brought a federal action for injunctive relief to enjoin a tribal court from proceeding with an abuse-of-process lawsuit filed in tribal court by a tribal member. *Id.* at 879–81. In tribal court, DISH Network unsuccessfully moved to dismiss the suit on jurisdictional grounds. *Id.* at 881. DISH Network then appealed to the tribal appellate court. *Id.* On prudential grounds, the tribal appellate court declined to consider the jurisdictional question until after the trial in tribal court. *Id.* In DISH Network's federal court action for injunctive relief, the district court applied the *Dataphase* factors and denied its motion. *Id.*

In the court's analysis of DISH Network's probability of success on the merits, the Eighth Circuit considered whether DISH Network had exhausted its tribal court remedies. *Id.* at 882–85. DISH Network claimed that exhaustion was met based on the tribal appellate court's denial of discretionary review, relying on *Ford Motor Co. v. Todecheene*, which Nguyen likewise cites here. *Id.* at 883. The Eighth Circuit observed that "one of the policy rationales favoring exhaustion is that it enables tribal courts to clarify the factual and legal issues relevant to evaluating any jurisdictional question." *Id.* (citing *Nat'l Farmers Union*, 471 U.S. at 856–57). The court underscored the importance of a well-developed record to this evaluation, stating, in dicta, "prudence may caution a tribal appeals court to refrain from deciding jurisdictional questions until after trial is completed and the factual record developed and clarified." *Id.* Such an approach may

serve the "'orderly administration of justice in the federal court . . . by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed.'" *Id.* (quoting *Nat'l Farmers Union*, 471 U.S. at 856). Because DISH Network failed to raise in its initial brief the argument that exhaustion was satisfied, the Eighth Circuit deemed the argument waived, and proceeded to analyze whether any exception to the tribal exhaustion requirement applied. *Id.*

Relying on *DISH Network,* in *Colombe v. Rosebud Sioux Tribe*, the Eighth Circuit again considered the question and timing of tribal court exhaustion. 747 F.3d at 1024. *Colombe* involved a contract dispute in tribal court between the Rosebud Sioux Tribe and a casino management company's officer, who managed a casino on tribal lands. *Id.* at 1021–22. The officer, Colombe, challenged the tribal court's jurisdiction, and subsequently filed a federal court action to vacate a tribal court decision and enjoin the tribe from proceeding in tribal court. *Id.* The federal district court dismissed portions of the federal suit for which it found exhaustion lacking, including Colombe's claim that the tribal courts had failed to comply with the tribe's constitution. *Id.* at 1025. The Eighth Circuit noted that prior to filing the federal action, Colombe had unsuccessfully sought an interlocutory tribal court appeal on this issue. *Id.* However, the Eighth Circuit effectively found that Colombe's unsuccessful attempt at an interlocutory appeal failed to satisfy the exhaustion requirement, stating, "the Rosebud Supreme Court had not addressed this issue when Colombe raised it in federal court, meaning tribal court remedies had not been exhausted." *Id., see also Wright v. Langdeau*, 158 F. Supp. 3d 825, 835 (D. S.D. 2016) (holding that tribal court had the right to "fully adjudicate" the issues before it, and that

tribal court proceedings had "not yet concluded," nor had tribal appellate review begun); *Christian Children's Fund, Inc. v. Crow Creek Sioux Tribal Court*, 103 F. Supp. 2d 1161, 1163–64 (D. S.D. 2001) (finding that exhaustion was satisfied where tribal appellate court rendered a decision finding jurisdiction and affirming the tribal court's order denying a motion to dismiss).

Under this precedent and the procedural posture here, the Court finds that Nguyen has not currently exhausted his remedies in Tribal Court. He may appeal any final judgment of the Tribal Court to the Tribal Court of Appeals. A fulsome record will best inform the Tribal Court of Appeals of the facts necessary for the determination of a jurisdictional appeal. And after Nguyen exhausts those tribal court remedies, he may seek review in federal district court. *See Duncan En. Co. v. Three Affiliated Tribes of the Ft. Berthold Reservation*, 27 F.3d 1294, 1300 (8th Cir. 1994) (noting that after the exhaustion of tribal court remedies, a party may seek federal district court review).

Alternatively, Nguyen argues that exhaustion is not required because two exceptions to the exhaustion doctrine apply. First, he alleges that the Tribal Court is motivated by a desire to harass him and is "seizing jurisdiction" in an effort to avoid the application of Minnesota state law concerning the division of marital property. (Pl.'s Mem. at 19–20.) He cites the Tribal Court's November 10, 2017 Order, in which Judge Buffalo acknowledges the conflict between tribal law and Minnesota state law concerning the treatment of tribal per capita payments upon marital dissolution. (*Id.*) (citing Tribal Ct. Order at 43, Ex. F to Miller Decl.) The Court finds no evidence of harassment. Nothing in the Tribal Court's Order demonstrates an intention to harass, and Nguyen does

not present any other evidence in support of this allegation. *See Duncan En. Co.*, 27 F.3d at 1299 (finding that the mere allegation of bias, but lack of any evidence, fails to excuse a party from the exhaustion requirement).

Second, Nguyen argues that the requirement to exhaust should be waived because the assertion of tribal court jurisdiction is patently invalid, and because it is "clear" that the Tribal Court lacks jurisdiction, any further exhaustion would be futile. (Pl.'s Mem. at 20.) He asserts that his marriage occurred entirely outside of the Shakopee Mdewakanton Sioux Community's land, and pursuant to *Montana v. United States*, 450 U.S. 544, 565–66 (1981), the Tribal Court has no jurisdiction over matters occurring outside of the reservation. (*Id.*)

The Court does not find the question of jurisdiction so clear, or the assertion of tribal court jurisdiction so patently invalid, as to excuse the exhaustion requirement. Under *Montana*, tribal courts have jurisdiction over non-members when (1) the non-member enters into consensual relationships with tribal members through contracts or other arrangements, or (2) when the non-member's activities have "some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." 450 U.S. at 566. The Tribal Court first observed that there is some question as to whether *Montana* even applies to a marital dissolution proceeding that also involves issues of child custody and support. (Tribal Court Order at 12–13, Ex. F to Miller Decl.) In any event, the Tribal Court assumed without deciding that *Montana* applied, and found that Nguyen had entered into a consensual relationship with Gustafson and the Community sufficient to meet the *Montana* test. (*Id.* at 13–15.) The Tribal Court further found that

with respect to jurisdiction to adjudicate child custody and support issues, Nguyen's activities have "some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." (*Id.* at 16–18) (citing *Montana*, 450 U.S. at 566); *see also Boozer v. Wilder*, 381 F.3d 931, 936 (9th Cir. 2004) (finding that because the minor child in question might reside on the reservation, conducting custody proceedings in tribal court "is not patently violative of express jurisdictional prohibitions.") (quoting *Nat'l Farmers Union*, 471 U.S. at 856, n.21). On the other hand, Nguyen presents valid arguments against tribal court jurisdiction, and may ultimately prevail in his jurisdictional challenge. However, this Court finds that the issue of jurisdiction here is not so "clear" or "patently invalid" as to render further exhaustion futile.

Because Nguyen has failed to meet the tribal court exhaustion requirement, which is a threshold determination, the Court declines to address the underlying merits of jurisdiction or the immunity defenses raised by the Tribal Court Defendants. Given the current procedural posture, Nguyen's failure to exhaust his tribal court remedies weighs against granting injunctive relief.

### B. Irreparable Harm

The basis of injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies." *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (per curiam) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959)). If monetary damages can compensate the plaintiff for the threatened harm, an adequate remedy at law exists, precluding injunctive relief. *See Northland Ins. Cos. v. Blaylock*, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000) (citing *In re*

*Travel Agency Comm'n Antitrust Litig*., 898 F. Supp. 685, 689 (D. Minn. 1995)). The availability of monetary relief to compensate a portion of the harm does not preclude injunctive relief as to "other less tangible injuries [that] cannot be so easily valued or compensated." *Glenwood Bridge, Inc. v. Minneapolis,* 940 F.2d 367, 371–72 (8th Cir. 1991).

Nguyen argues that he will suffer irreparable harm by being forced to adjudicate his divorce and custody proceedings in Tribal Court, and that his minor child will likewise be negatively affected by the process. (Pl.'s Mem. at 6). Defendants, however, assert that Nguyen will not suffer irreparable harm by litigating a matter that he would otherwise be litigating in state court. (*See* Tribal Ct. Defs.' Opp'n Mem. at 10; Gustafson's Opp'n Mem. at 19.) They further contend that the emotional toll of dissolution proceedings is difficult in any forum, nor do the normal costs of litigation constitute irreparable harm. (*Id.*)

The Eighth Circuit has found irreparable harm "doubtful" where a litigant is merely forced to litigate in tribal court. *DISH Network*, 725 F.3d at 882. And to the extent that Nguyen contends that he will incur economic loss by litigating in Tribal Court, economic loss alone does not constitute irreparable harm so long as the losses can be recovered. *Id.* (citing *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 426 (8th Cir. 1996)). While Nguyen cites authority in which courts have found irreparable harm where a party faces the prospect of litigating in a tribal court that may lack jurisdiction, (Pl.'s Mem. at 6–7) (citing *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1158 (10th Cir. 2011); *McKesson Corp. V. Hembree*, No. 17-CV-323-TCK-FHM, 2018 WL 340042, at *10–11

(N.D. Okla. Jan. 9, 2018); *Rolling Frito-Lay Sales LP v. Stover*, No. CV 11-1361-PHX-FJM, 2012 WL 252938, at *6 (D. Ariz. Jan. 26, 2012)), the court finds these cases inapposite. Not only is this Court bound by Eighth Circuit precedent, the decisions on which Nguyen relies found irreparable harm because the movant was likely to succeed on the merits, *see Crowe*, 640 F.3d at 1158, or because tribal jurisdiction was clearly lacking. *See McKesson*, 2018 WL 340042, at *5, 9; *Frito-Lay*, 2012 WL 252938, at *3. Neither is the case here.

Whether this litigation occurs in tribal court or state court, Nguyen will be required to respond to discovery and participate in the proceedings. This does not constitute irreparable harm. *See AGAMENV, LLC v. Laverdure*, 866 F. Supp. 2d 1091, 1098 (D. N.D. 2012) (rejecting plaintiffs' claim of irreparable harm flowing from expenditure of time and resources litigating in tribal court, which plaintiffs believed had no jurisdiction). The discovery exchanged in Tribal Court could likely be used in state court if the Tribal Court's jurisdiction is ultimately deemed lacking. While the Court is sympathetic to Nguyen's concerns about the emotional toll of litigation on him and his child, the Court agrees with Defendants that dissolution and custody proceedings, regardless of the forum, may be emotionally charged. Accordingly, the Court finds that the factor of irreparable harm is not satisfied. The denial of this factor alone is sufficient to deny injunctive relief. *DISH Network Serv.*, 725 F.3d at 882 (citing *Guy Carpenter & Co. v. John B. Collins Assocs.*, 179 F. App'x 982, 983 (8th Cir. 2006) (per curiam)).

### C. Remaining *Dataphase* Factors

As to the public interest, Supreme Court precedent has "often recognized that

Congress is committed to a policy of supporting tribal self-government and self-determination." *Nat'l Farmers*, 471 U.S. at 856. The Court finds that the public interest is served by "provid[ing] the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge." *Id.* For similar reasons, the court finds that the balance of harms weighs in favor of Defendants.

In conclusion, because the application of the *Dataphase* factors weighs in Defendants' favor, Plaintiff's request for a preliminary injunction is denied. Again, at this time, the Court does not hold that tribal jurisdiction over Nguyen is ultimately proper, but only that the tribal court should be given the first opportunity to completely determine the issue.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction [Doc. No. 4] is **DENIED**.

Dated: March 21, 2018

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge