# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James V. Nguyen,<br><br>   Plaintiff,<br><br>v.<br><br>Amanda G. Gustafson,<br><br>   Defendant. | Case No. 0:18-cv-00522 (SRN/KMM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Jonathan D. Miller and Ariel K. Lierz, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, Minnesota 55402, for Plaintiff James V. Nguyen.

Gary A. Debele, Messerli & Kramer, P.A., 100 South Fifth Street, Suite 1400, Minneapolis, Minnesota 55402, and Theresa Bea, Berg, Debele, DeSmidt & Rabuse, P.A., 121 South Eighth Street, Suite 1100, Minneapolis, Minnesota 55402, for Defendant Amanda G. Gustafson.

SUSAN RICHARD NELSON, United States District Judge

   This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 38]. In light of Plaintiff's failure to exhaust his procedural remedies, the Court grants the motion.

## I. Factual and Procedural Background

   The underlying facts of this case concern divorce proceedings between Plaintiff James V. Nguyen and Defendant Amanda G. Gustafson. Gustafson is an enrolled member of the Shakopee Mdewakanton Sioux Community, while Nguyen is not a member. (Compl. ¶¶ 4, 13 [Doc. No. 1].) Nguyen and Gustafson were married in Las Vegas, Nevada in 2014, and are the parents of a minor child. (*See* Hennepin Cty. Pet.

¶¶ II, IV, Ex. D to Miller Decl. [Doc. No. 7-4].) Both parties now reside in Minnesota. (*Id.* ¶ V.)

In June 2017, Nguyen filed for dissolution of marriage in California state court, as he resided in California at that time. (Tribal Court Order at 4, Ex. F to Miller Decl. [Doc. No. 7–6].; Compl. ¶ 8.) In July 2017, Gustafson filed for dissolution of marriage in the Shakopee Mdewakanton Sioux Community Tribal Court ("Tribal Court"). (Compl. ¶ 9.) Former Defendant Henry M. Buffalo, Jr., Judge of the Tribal Court, was assigned the case. (*Id.*)

The California state court held a two-day evidentiary hearing on July 27 and 28, 2017 to discuss custody and visitation. (*Id.* ¶ 10.) On August 3, 2017, the California state court declined to exercise jurisdiction and stayed the proceedings. (*Id.*) Upon receipt of a Tribal Court order dated August 10, 2017, in which that court confirmed its intent to proceed with the case, the California state court dismissed the proceedings before it. (Tribal Court Order at 7, Ex. F to Miller Decl.)

Shortly thereafter, Nguyen moved to Minnesota and filed for dissolution of marriage in Hennepin County District Court. (Hennepin Cty. Pet. ¶ V; Compl. ¶ 11.) In his filings, Nguyen disclosed that he was not currently employed and did not receive any earned income, with the exception of some rental income from a leased property. (Hennepin Cty. Pet. ¶ X.) He also alleged that although Gustafson was not currently employed, she received per capita payments as a member of the Shakopee Mdewakanton Sioux Community. (*Id.*) On January 8, 2018, the Hennepin County District Court stayed

Nguyen's action as a matter of judicial expedience and comity, pending the proceedings in Tribal Court. (Compl. ¶ 12.)

In October 2017, Nguyen moved to dismiss the proceedings in Tribal Court, asserting that the court lacked personal and subject matter jurisdiction. (*Id.* ¶ 23.) Judge Buffalo issued a written ruling on November 10, 2017, in which he found that the Tribal Court had both subject matter and personal jurisdiction and had a substantial interest in continuing to exercise its jurisdiction. (Tribal Court Order at 46, Ex. F to Miller Decl.)

Nguyen then sought an appeal with the Court of Appeals for the Shakopee Mdewakanton Sioux Community (the "Tribal Court of Appeals"). (Compl. ¶ 26.) He requested permission to appeal under the collateral order doctrine, and in the alternative, asked the Tribal Court to certify the November 10, 2017 decision for interlocutory appeal. (*Id.* ¶ 27.) On December 11, 2017, the Tribal Court denied Nguyen's request for certification, and also found that his motion to dismiss did not fall within the collateral order doctrine. (*Id.* ¶ 29.) On January 30, 2018, the Tribal Court of Appeals denied Nguyen's request for an appeal under the collateral order doctrine, and because it was not certified for interlocutory appeal. (*Id.* ¶ 31.)

On March 7, 2018, Nguyen filed this action for injunctive and declaratory relief pursuant to 28 U.S.C. § 1331, under which non-Indians may bring a federal common law cause of action challenging tribal court jurisdiction. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 850–53 (1985). He sought a declaration that the Tribal Court lacked jurisdiction over the dissolution proceedings and that proper jurisdiction rests in state court. (Compl. ¶¶ 39–40.) In addition, he sought a preliminary

injunction to halt proceedings in the Tribal Court. (*Id.* ¶ 45.) This Court denied preliminary injunctive relief on the grounds that Nguyen had not exhausted his remedies in Tribal Court and that neither of his two asserted exceptions to the exhaustion doctrine applied. (Inj. Order at 10. [Doc. No. 29]) This Court also found that the *Dataphase* factors, under which courts in the Eighth Circuit analyze motions for injunctive relief, weighed in Gustafson's and the former Defendants' favor. (Inj. Order at 15.); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

The Tribal Court of the Shakopee Mdewakanton Sioux Community and Judge Henry M. Buffalo filed a Motion to Dismiss on April 2, 2018. [Doc. No. 33]. However, on July 20, 2018, Nguyen voluntarily dismissed these former Defendants without prejudice. [Doc. No. 45].

Gustafson filed this Motion to Dismiss on April 2, 2018 pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for improper venue and for failure to state a claim upon which relief can be granted. (Mot. to Dismiss at 1.) Gustafson argues that venue in this Court is improper under the abstention doctrine, as federal courts cannot hear cases about domestic relations matters. (Mot. to Dismiss at 13.) Moreover, Gustafson also contends that this Court should dismiss Nguyen's complaint because he failed to exhaust his Tribal Court remedies. (Mot. to Dismiss at 20.)

## II. Discussion

### A. Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(3) or Rule 12(b)(6), the court assumes the facts in the complaint to be true and construes all reasonable inferences

from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). However, the court need not accept as true wholly conclusory allegations, or legal conclusions the plaintiff draws from the facts pled. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999); *Westcott*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court stated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

### B.  Exhaustion Requirement

As this Court previously held in its Memorandum and Order on Plaintiff's Motion for Preliminary Injunction ("Order") [Doc. No. 4], Nguyen has not exhausted his remedies in Tribal Court.

Although "[28 U.S.C.] § 1331 encompasses the federal question of whether a tribal court has exceeded the lawful limits of its jurisdiction, . . . exhaustion is required before such a claim may be entertained by a federal court." *Nat'l Farmers Union Ins.*

5

*Cos.*, 471 U.S. at 857. Indeed, because the question of tribal exhaustion determines the appropriate forum, it is considered a "threshold" issue. *Gaming World Int'l Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 849 (8th Cir. 2003).

Not only must federal district courts address exhaustion of tribal remedies at the outset, but, as a matter of comity, the examination of a tribal court's jurisdiction must first be addressed by the tribal court. *Nat'l Farmers Union Ins. Cos.*, 471 U.S. at 855. While the exhaustion requirement is prudential, and is required as a matter of comity, it is not jurisdictional. *Strate v. A-1 Contractors*, 520 U.S. 438, 451 (1997).

The Eighth Circuit has stated that "[e]xhaustion includes both an initial decision by the tribal trial court and the *completion* of appellate review." *DISH Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 882–83 (8th Cir. 2012) (citing *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15 (1987) (emphasis added)). The Eighth Circuit also observed that "one of the policy rationales favoring exhaustion is that it enables tribal courts to clarify the factual and legal issues relevant to evaluating any jurisdictional question." *Id.* (citing *Nat'l Farmers Union*, 471 U.S. at 856–57).

The Court recognizes that exhaustion is not required in certain circumstances: (1) "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith," (2) "where the action is patently violative of express jurisdictional prohibitions," or (3) "where exhaustion would be futile because of a lack of an adequate opportunity to challenge the court's jurisdiction." *See Nat'l Farmers Union*, 471 U.S. at 856 n.21; *Iowa Mut. Ins. Co.*, 480 U.S at 19 n.12.

But neither of the exhaustion exceptions that Nguyen previously argued apply. First, this Court found that there was no evidence that the Tribal Court was motivated by a desire to harass Nguyen. Nothing in the Tribal Court's Order demonstrated an intention to harass, and Nguyen did not, and still has not, presented any other evidence in support of his allegation. *See Duncan Energy Co. v. Three Affiliated Tribes of Ft. Berthold Reservation*, 27 F.3d 1294, 1299 (8th Cir. 1994) (finding that the mere allegation of bias, but lack of any evidence, fails to excuse a party from the exhaustion requirement). Second, this Court found that the assertion of tribal court jurisdiction was not so "clear" or "patently invalid" as to render further exhaustion futile.

Nguyen may appeal any final judgment of the Tribal Court to the Tribal Court of Appeals. A fulsome record will best inform the Tribal Court of Appeals of the facts necessary for the determination of a jurisdictional appeal. Only after Nguyen exhausts those tribal court remedies, may he seek review in federal district court. *See Duncan En. Co.*, 27 F.3d at 1300.

### C. Dismissal Without Prejudice

The Eighth Circuit typically allows district courts discretion as to whether a case should be dismissed without prejudice or stayed when it is proceeding through the exhaustion process in another jurisdiction. *Gaming World Int'l, Ltd.*, 317 F.3d at 842 (allowing the trial court to determine whether the case should be dismissed or stayed). Here, although both parties cite to case law to support their requested relief, both parties and the Tribal Court concede that the decision of whether to stay the action or dismiss it is a matter of discretion for this Court. *See Bruce H. Lien Co. v. Three Affiliated Tribes*,

7

93 F.3d 1412, 1422 (8th Cir. 1996) (directing the trial court to stay the case); *Iowa Mut. Ins. Co.*, 480 U.S. at 16 (directing the trial court to stay the case); *Colombe v. Rosebud Sioux Tribe*, 747 F.2d 1020, 1022 (8th Cir. 2014) (affirming the trial court's decision to dismiss).

Nguyen argues that this case should be stayed because (1) there is a benefit to having this court ultimately adjudicate the case, (2) there may be a delay in the Tribal Court proceedings, and (3) the Tribal Court is unfairly biased against him. However, each of these arguments are unconvincing. (Pl.'s Mot. to Dismiss at 19–21.)

Nguyen will ultimately have the right to seek judicial review under 12 U.S.C. § 1331, whether his action is stayed or dismissed without prejudice. Additionally, Nguyen's concerns that the Tribal Court might delay are unfounded. (Pl.'s Mot. to Dismiss at 19.) The Tribal Court scheduled trial to begin on September 19, 2018. (Inj. Order at 4.) Once the trial is finished, the Trial Court has ninety days to issue a final decision. (*Id.*) There is no need to stay the case for fear of an unreasonable delay. Moreover, as previously discussed in our Order, this Court has found that there is no evidence of bias on the part of the Tribal Court. (Inj. Order at 10; Pl.'s Mot. to Dismiss at 20.)

Additionally, this Court will likely not be asked to review this matter for a number of months, if at all. (Hr'g Tran. at 6.) After the Tribal Court's decision on the merits, if Nguyen wishes to file an appeal, the parties will be required to brief and argue the issues before the Tribal Court of Appeals. Only after the Tribal Court of Appeals has ruled and only if that ruling is unfavorable to Nguyen will review be sought in this Court.

**III. Order**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Doc. No. 38] is **GRANTED** and this matter is dismissed **WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 26, 2018                       s/ Susan Richard Nelson

                                                        SUSAN RICHARD NELSON
                                                        United States District Judge